UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL     'O'

| Case No. | 2:16-cr-00073-CAS-12 | Date | December 5, 2016 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Laura Elias | Khaldoun Shobaki<br>Rebecca Shults |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder,*<br>*Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Daniel Fernando Huizar | X | | X | William Harris | X | | X |

**Proceedings:**   DEFENDANT'S MOTION TO EXCLUDE STATEMENTS OBTAINED IN VIOLATION OF MIRANDA V. ARIZONA

On January 31, 2016, the government filed a criminal complaint against defendant Daniel Fernando-Huizar, among others, stating that defendant possessed with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii) and that defendant aided and abetted the same offense, in violation of 18 U.S.C. § 2(a).  Dkt. 1.

On February 12, 2016, defendant was charged in a two-count indictment with (1) conspiring to possess at least 1000 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii); (2) aiding and abetting the same offense, in violation of 18 U.S.C. § 2(a).  Dkt. 114.  Defendant has entered a not-guilty plea.  Dkt. 164.

On November 4, 2016, defendant filed the instant motion to exclude statements obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1960).  Dkt. 280.  On November 21, 2016, the government filed notice of its partial non-opposition to defendant's motion.  Dkt. 286.  The government states that it does not seek to introduce defendant's statements in its case-in-chief, but seeks to reserve its right to introduce the statements for impeachment and other permissible purposes and to preserve its right to introduce such statements should defendant open the door to such admission.  Id.

If defendant testifies in his own defense, his un-Mirandized statements are admissible for impeachment purposes if "defendant open[s] the door to the impeaching evidence by testifying to the point on direct [examination]."  United States v. Whitson, 587 F.2d 948, 952 (9th Cir. 1978); see also Harris v. New York, 401 U.S. 222, 226 (1971).  Accordingly, for the purposes of the government's case-in-chief, the Court **GRANTS** defendant's motion to exclude

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**          **'O'**

defendant's statements taken in violation of Miranda.  However, such statements are admissible for impeachment purposes, subject to a limiting instruction by the Court on the permissible use of the uncounseled statements.  United States v. Barut, 165 F. App'x 533, 535 (9th Cir. 2006) (finding a limiting instruction appropriate).

   IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |